STATE OF MINNESOTA, *ex rel.* Sarah D. Chapin, *vs.* DISTRICT COURT OF RAMSEY COUNTY.

January 11, 1889.

**St. Paul—Assessment for Change of Street Grade—Waiver of Notice by Land-Owner.**—Where the board of public works of the city of St. Paul makes an assessment of benefits and damages to property resulting from a change of grade of a street, finding the benefits greater than the damages, and the property-owner voluntarily pays the balance or difference collectible from him, he thereby acquiesces in the assessment, and waives the omission to publish the notices of the completion and confirmation of the assessment, and cannot interpose such omission as an objection to an assessment subsequently made against his property for grading the street in accordance with the changed grade.

The city treasurer of St. Paul having applied to the district court for Ramsey county, in compliance with the city charter, for judgment against certain real estate for the amount of an assessment for street grading, the relator, the owner of the land in question, appeared and objected to judgment being entered, upon the ground that the city authorities never obtained jurisdiction to do the grading.   The objection was overruled by *Brill,* J., and judgment entered against the land.   Thereupon the relator caused the proceedings to be brought before this court by writ of *certiorari.*

*Walter L. Chapin,* for relator.

*William P. Murray,* for respondent.

MITCHELL, J.[1]   In June, 1887, the common council of St. Paul, by vote, changed the grade of State street.   Subsequently the board of public works, under the order of the council, graded the street in ac-

---

[1] Dickinson and Vanderburgh, JJ., being engaged in canvassing the vote for state officers, took no part in this case.

cordance with the new grade, and made an assessment upon the relator's property for the improvement. Upon the application of the city for judgment therefor, the relator objected to the assessment, on the ground that the city had no authority to make the improvement, because the change of grade referred to had never taken effect or been consummated, there never having been any valid assessment of damages and benefits resulting therefrom, for the reason that the notices of the completion and the confirmation of such assessment had never been published in the official paper of the city.

It may admit of doubt whether any such objection could be interposed to the assessment for grading the street. See section 39, tit. 1, c. 7, City Charter, (Sp. Laws 1887, c. 7, p. 349;) also *Village of Hyde Park* v. *Borden*, 94 Ill. 26. But, without deciding this question, we think the relator had in this case waived all irregularities or omissions in the assessment of benefits and damages resulting from the change of grade. By reference to the city charter it will be seen that, in case of a change of grade, the board of public works, in one proceeding and at one and the same time, assesses both the damages and the benefits resulting from the change; and if the damages be greater than the benefits, or the benefits greater than the damages, in either case the board strikes a balance, and the difference is the amount collectible from or payable to the property owner. City Charter, c. 7, tit. 1, § 10, (Sp. Laws 1887, c. 7, p. 336;) and title 3, § 4, (Sp. Laws, 1887, c. 7, p. 366.) Upon the hearing before the court below, it was stipulated that the board made an assessment for the change of grade, finding the relator's property sustained no damage by reason of the change, but was benefited thereby in the sum of $40; and that pursuant thereto the relator paid said sum of $40 into the city treasury. It will be noticed that the objection of the relator is not to the regularity of the order of the common council changing the grade, but that it never became operative because of the alleged omission to publish the notices of the completion and confirmation of the assessment of damages and benefits resulting therefrom. The object of these notices is merely to give notice of the assessment to the property-owner, so that, if aggrieved, he may first file objections, and, second, appeal. But in this instance the relator, with actual

notice of the assessment, voluntarily paid it, thereby expressing her satisfaction with and acquiescence in it. Having done this, and the city having subsequently gone on and improved her property by grading the street, she cannot now be heard to resist the assessment for the grading on the ground that she had no notice of the assessment for the change of grade. It is fallacious to say that, because the board assessed her damages at nothing, therefore there was only an assessment of benefits, and that this was all she acquiesced in. It was immaterial whether they assessed the damages at nothing and the benefits at $40, or the damages at, say, $50, and the benefits at $90. Equally in either case there would be an assessment of both damages and benefits, and the difference would be the amount payable; and by voluntarily paying the balance the relator as fully assented to the assessment of her damages at nothing as she did to the assessment of her benefits at $40

Judgment affirmed.